UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORREY SELCK, | Case No. 2:25-cv-02868-DC-CKD (PS) |
| Plaintiff, | |
| v. | ORDER AND FINDINGS & RECOMMENDATIONS |
| CALIFORNIA DEPARTMENT OF SOCIAL SERVICES, ET AL., | (ECF Nos. 8, 10) |
| Defendant. | |

Pending before the Court are Defendants California Department of Social Services and California Board of Registered Nursing's motions to declare Plaintiff Morrey Selck a vexatious litigant and to dismiss the First Amended Complaint.[1] (ECF Nos. 8, 10.) Plaintiff is appearing without counsel. Pursuant to Local Rule 230(g), the Court submitted the motion upon the record and briefs on file and vacated the December 10, 2025, and January 21, 2026 hearings. (ECF Nos. 11, 17.)

For the reasons that follow, the Court RECOMMENDS granting Defendants' vexatious litigant motion and motion to dismiss without leave to amend.

/ / /

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

## I.   BACKGROUND[2]

From 2018 to 2023, Plaintiff Morrey Selck filed ten civil actions and one habeas corpus petition in the Eastern District of California.[3] (ECF No. 8.) None of Plaintiff's actions have survived the pleading stage and his habeas petition was denied as untimely and noncompliant. *Id*., *see* Exs. A-K, H. Plaintiff has four active matters in the Eastern District of California, including the one before the undersigned. *Id*. at 5-6.

Plaintiff filed his Complaint against Defendants California Department of Social Services ("CDSS"), California Board of Nursing ("BRN"), and Curam College on October 10, 2025. (ECF No. 1.) On October 20, 2025, Defendants CDSS and BRN filed a motion to dismiss. (ECF No. 7.) On November 5, 2025, Defendants CDSS and BRN filed a motion to declare Plaintiff a vexatious litigant, with a hearing scheduled for December 10, 2025. (ECF No. 8.) On November 14, 2025, Plaintiff filed a First Amended Complaint ("FAC"), which is the operative complaint in this action. (ECF No. 9.) Defendants CDSS and BRN filed a motion to dismiss the FAC on December 2, 2025, with a hearing set for January 14, 2026. (ECF No. 10.) Also on December 10, the Court, via minute order, denied Defendants' initial motion to dismiss as moot, reset the hearing on the pending motion to dismiss to January 21, 2026, and vacated the hearing on the motion to declare Plaintiff a vexatious litigant due to Plaintiff's failure to file an opposition or statement of nonopposition. (ECF No. 11.) Plaintiff was directed to file an opposition or statement of nonopposition within fourteen (14) days of the Court's minute order. *Id*. On January 15, 2026, the Court issued an order vacating the pending motion to dismiss hearing on January 21, 2026 and directed Plaintiff to file a written opposition to the motion to dismiss within 21 days after service of the order. (ECF No. 17.) On January 28, 2026, Plaintiff filed what appears to be an opposition to both the motion to declare Plaintiff a vexatious litigant and motion to dismiss the FAC. (ECF No. 18.)

---

[2] These facts primarily derive from the complaint (ECF No. 1), which are construed in the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).
[3]   "[A] court may take judicial notice of its own records in other cases[.]" *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

## II.   LEGAL STANDARDS

### A.   Subject Matter Jurisdiction under Rule 12(b)(1)

Federal courts are courts of limited jurisdiction and may hear only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold inquiry, and "[f]ederal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)); *see Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Without jurisdiction, the district court cannot decide the merits of a case or order any relief and must dismiss the case. *See Morongo*, 858 F.2d at 1380. A federal court's jurisdiction may be established in one of two ways: actions arising under federal law or those between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

### B.   Failure to State a Claim under Rule 12(b)(6)

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mollett v. Netflix, Inc.,* 795 F.3d 1062, 1065 (9th Cir. 2015). When considering whether a claim has been stated, the court must accept the well-pleaded factual allegations as true and construe the complaint in the light most favorable to the non-moving party. *Id.* However, the court is not required to accept as true conclusory factual allegations contradicted by documents referenced in the complaint, or legal conclusions merely because they are cast in the form of factual allegations. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

/ / /

/ / /

## III.   DISCUSSION

### A.  Judicial Notice

A court may "judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Federal Rule of Evidence 201(b). Public records are properly the subject of judicial notice because the contents of such documents contain facts that are not subject to reasonable dispute, and the facts therein "can be accurately and readily be determined from sources whose accuracy cannot reasonably be questioned." Federal Rule of Evidence 201(b); *see Intri-Plex Techs. v. Crest Grp., Inc.,* 499 F.3d 1048, 1052 (9th Cir. 2007).

Defendants CDSS and BRN request judicial notice of the existence and authenticity of court records attached as Exhibits A-L in support of their motion to declare Plaintiff a vexatious litigant. (ECF No. 8.) Good cause appearing, the request to take judicial notice of these court records is granted. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); Fed. R. Evid. 201(b).

### B.  Motion to Dismiss

Defendants CDSS and BRN argue that Plaintiff's FAC must be dismissed because the Eleventh Amendment bars this action. (ECF No. 10 at 5-6.) The Court agrees. The Eleventh Amendment generally prohibits lawsuits against states and state officers in federal court unless the state has unequivocally consented to such a suit or Congress has abrogated the state's immunity. U.S. Const. amend XI; *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984), *see also Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) ("The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an 'arm of the state,' its instrumentalities, or its agencies.") The Eleventh Amendment's jurisdictional bar applies regardless of the nature of the relief sought, including declaratory and injunctive relief. *See id*. at 101 (1984). Both CDSS and BRN are state agencies entitled to sovereign immunity. Cal Wel. & Inst. Code §10550; Cal. Bus. & Prof. Code §2701(a). Defendant CDSS and BRN also correctly note that neither California nor Congress has abrogated immunity, which would allow

the suit to proceed. Cal. Gov. Code § 815(a); *see Pennhurst,* 465 U.S. at 100. Accordingly, Plaintiff's action against Defendants CDSS and BRN are barred by sovereign immunity.

Even if Plaintiff's claims against Defendants CDSS and BRN were not barred by sovereign immunity, Plaintiff's FAC is illegible, and it is difficult to discern what relief he is requesting in this action. The FAC is loaded with conclusory and fantastical allegations and does not connect any allegations to each Defendant. These allegations fail to "give the defendant[s] fair notice of what the… claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Plaintiff also fails to state a claim against Defendant Curam College, which has not yet appeared in this action. *See* Docket; *Omar v. Sea-Land Service, Inc*., 813 F.3d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6)"). Therefore, the Court recommends dismissal of Plaintiff's claims against all Defendants without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

### C. Vexatious Litigant Motion

The undersigned also recommends that Plaintiff be deemed a vexatious litigant and that a pre-filing order be issued against him. The Ninth Circuit has acknowledged the "inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990) (discussing requirements, pursuant to the All Writs Act, 28 U.S.C. § 1651(a), for issuing an order requiring a litigant to seek permission from the court prior to filing any future suits). "However, such pre-filing orders are an extreme remedy that should rarely be used." *Molski v. Evergreen Dynasty Corp*., 500 F.3d 1047, 1057 (9th Cir. 2007) (citing De Long, 912 F.2d at 1147).

Local Rule 151(b) provides that "[t]he provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a procedural rule of this Court on the basis of which the Court may order the giving of security, bond, or undertaking,

although the power of the court shall not be limited thereby." California Code of Civil Procedure, Title 3A, part 2, commences with § 391 and defines a "vexatious litigant" as including those persons acting in propria persona who "repeatedly files unmeritorious motions, pleadings, or other papers ... or engages in other tactics that are frivolous or solely intended to cause unnecessary delay." CAL.CODE CIV. PRO. § 391(b)(3).

The Ninth Circuit has articulated that the following four conditions must be met before the court enters a pre-filing review order: plaintiff must be given adequate notice to oppose the order; the court must provide an adequate record for review, listing the pleadings that led the court to conclude that a vexatious litigant order was warranted; the court must make substantive findings as to the frivolous or harassing nature of the litigant's actions; and the order must be narrowly tailored. *See DeLong*, 912 F.2d at 1147–48; *Molski*, 500 F.3d at 1057–58.

### 1. Notice and Opportunity to be Heard

The first factor simply requires that the litigant be given an opportunity to oppose the order before it is entered. *De Long*, 912 F.2d at 1147. An in-person hearing is not required. *See e.g., Ou-Young v. Roberts*, No. C-13-4442 EMC, 2013 WL 6732118, at *8 (N.D. Cal. Dec. 20, 2013) ("This factor is met here because the United States requested the order via a regularly noticed motion and Plaintiff has had an opportunity to file and in fact did file a written opposition."); *Reddy v. MedQuist, Inc.*, No. CV 12–01324 PSG, 2012 WL 6020010, at *3 (N. D. Cal. Dec. 3, 2012) ("The requirement that the plaintiff receive an opportunity to be heard does not require an oral hearing; the opportunity to brief the issue fully satisfies due process requirements.").

On November 5, 2025, Defendants CDSS and BRN filed a motion to declare Plaintiff a vexatious litigant. (ECF No. 8.) A hearing was set for December 10, 2025. *Id*. Plaintiff never filed an opposition to the motion. *See* Docket. On December 2, 2025, the Court via minute order vacated the December 10 hearing after Plaintiff failed to file an opposition or statement of nonopposition. (ECF No. 11.) In the same minute order, Plaintiff was given fourteen (14) additional days to file an opposition or statement of nonopposition. *Id*. In Plaintiff's filing on January 28, 2026, he appears to contest the pending motion to declare him a vexatious litigant.

(ECF No. 18 at 7.) Therefore, the notice element has been satisfied.

2.    <u>Adequate Record for Review</u>

A district court compiles a proper record for review where a complete list of the cases filed by the litigant, alongside those complaints, accompanies the vexatious litigant order. *Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1063 (9th Cir. 2014). The number of lawsuits filed by the litigant need not be numerous. See Boustred v. Government, No. C-08-00546-RMW, 2008 WL 4287570 (N.D. Cal. Sept. 17, 2008) (finding "plaintiff has now brought three actions containing similar rambling, largely incomprehensible claims against a multitude of defendants" sufficient in terms of finding an "adequate record for review").

Plaintiff has filed ten civil actions and one habeas petition in the Eastern District of California from 2018 to 2023. (ECF No. 8 at 4.) These actions include the following:

1. *Selck v. County of Sacramento, et al.*, No. 2:18-cv-00247-JAM-EFB (dismissed Oct. 10, 2019, for lack of jurisdiction).

2. *Selck v. City of Sacramento*, No. 2:19-cv-00341-JAM-EFB (dismissed Jun. 29, 2020, for failure to state a claim).

3. *Selck v. County of Sacramento, et al.*, No. 2:19-cv-00489-KJM-AC (dismissed Jul. 23, 2019, for lack of jurisdiction).

4. *Selck v. California Department of Social Services, et al.*, No. 2:19-cv-00935 (dismissed Mar. 23, 2020, for lack of subject matter jurisdiction).

5. *Selck v. County Board of Supervisors, et al.*, No. 2:19-cv-00952 (dismissed Apr. 21, 2020, for lack of subject matter jurisdiction).

6. *Selck v. Kaiser Permanente*, No. 2:19-cv-00977 (dismissed May 11, 2020, for failure to timely effect service of process, failure to comply with court orders, and for lack of prosecution).

7. *Selck v. Dept. of Health and Human Services, et al.*, No. 2:19-cv-01067 (dismissed May 11, 2020, for same reasons as 7).

8. *Selck v. County of Sacramento* (Habeas Petition), No. 2:21-cv-01499 (dismissed Jan. 30, 2024, as untimely and noncompliant).

9. *Selck v. Volunteers of America, et al.*, No. 2:21-cv-01500 (dismissed Feb 8, 2022, for failure to

7

state a claim under 28 U.S.C. § 1915(e)(2)).

10. *Selck v. Mikuni Restaurants, et al.,* No. 2:22-cv-02141 (dismissed Mar. 5, 2023, for lack of subject matter jurisdiction and the Court declined to exercise supplemental jurisdiction over Plaintiff's state law claims).

11. *Selck v. Law Offices of Leibrock & Gonzalez*, No. 2:23-cv-01031 (dismissed Aug. 10, 2023, for lack of subject matter jurisdiction).

(ECF No. 8 at 5-6). Plaintiff also has four active matters before the Eastern District of California as of the date of this order and findings. *Id*. at 6. The volume of these filings in both federal and state court leads the undersigned to believe that the issuance of a vexatious litigant order against Plaintiff is appropriate and necessary. *See Lawless v. United States*, 797 F.Supp.3d 1132, 1140 (C.D. Cal. 2025).

### 3.   The Frivolous or Harassing Nature of Plaintiff's Litigation

To make substantive findings of frivolousness, the district court must look at "both the number and content of the filings as indicia" of the frivolousness of the litigant's claims. *O'Loughlin v. Doe*, 920 F.2d 614, 618 (9th Cir.1990) (absent "explicit substantive findings as to the frivolous or harassing nature of the plaintiff's findings," a district court may not issue a pre-filing order). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). This is the case here. Plaintiff has failed to state a claim upon which relief could be granted in the present action and had multiple actions in this District dismissed for either failure to state a claim or lack of subject matter jurisdiction.

The Ninth Circuit has held that the five factors set forth in the opinion of the United States Court of Appeals for the Second Circuit in *Safir v. United States Lines, Inc*., are helpful in determining whether a pre-filing vexatious litigant order shall issue.

### 4.   *Safir* Factors

The five *Safir* factors are (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., whether the litigant has an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless

8

expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. *Molski*, 500 F.3d at 1058 (citing *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

### a.   Vexatious, Harassing, or Duplicative History of Litigation

The first factor weighs in favor of a prefiling order. As referenced above, Plaintiff has consistently brought frivolous claims in this District that have not survived the pleading stage.

### b.   Litigant's Motive in Pursuing the Litigation

The second factor also weighs in favor of a pre-filing order. The Court has informed Plaintiff that his claims are barred in federal court via the Eleventh Amendment and that he has failed to state a claim upon which relief could be granted. Therefore, Plaintiff cannot expect to prevail in future lawsuits against Defendants regarding these claims.

### c.   Whether the Litigant is Represented by Counsel

Because Plaintiff is not represented by counsel the court approaches the question of whether to issue a pre-filing order with due care. *See De Long*, 912 F.2d at 1147 (noting the use of pre-filing orders to curb access to courts should be done with care where a pro se litigant is involved yet recognizing the courts are also free to enjoin litigants with "abusive and lengthy histories"). The undersigned finds this factor does not outweigh Plaintiff's frivolous litigation tactics.

### d.   Burden on Courts and Their Personnel

The fourth factor weighs in favor of a pre-filing order. Plaintiff has filed ten civil actions and one habeas petition that have either been dismissed at the pleading stage or denied. Plaintiff also has four active matters before the Eastern District of California. Critically, all of Plaintiff's actions have been frivolous. This has likely imposed a burden on several defendants.

### e.   Availability of Other Sanctions

The fifth factor weighs in favor a pre-filing order. Because Plaintiff has repeatedly failed to comply with the courts' instructions, monetary sanctions are unlikely to deter Plaintiff from filing future frivolous actions. Upon consideration of these factors and the Ninth Circuit's four-factor test in *De Long*, the undersigned finds a pre-filing vexatious litigant order is warranted. The

undersigned recommends that Plaintiff be deemed a vexatious litigant and that a narrowly tailored pre-filing order as set forth below be issued.

### 5.   Narrowly Tailored

Any pre-filing order must be narrowly tailored to the vexatious litigant's wrongful behavior. *Molski*, 500 F.3d at 1061. "Narrowly tailored orders are needed 'to prevent infringement of the litigator's right of access to the courts.'" *De Long*, 912 F.2d at 1148 (citing *Woods v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1525 (9th Cir. 1983)). The undersigned recommends the following pre-filing order be entered against Plaintiff: "Plaintiff must obtain leave of Court before filing an action in the Eastern District of California, and such actions require a showing of colorable, nonduplicative claims."

## IV.   CONCLUSION

In conclusion, IT IS HEREBY ORDERED that:

1.    Defendants' CDSS and BRN's motion for judicial notice (ECF No. 8) is GRANTED; and

Further, based upon the findings above, it is RECOMMENDED:

1.    Plaintiff be declared a vexatious litigant and ordered to submit for pre-filing review any pro se complaint filed in the Eastern District of California, and that such actions require a showing of colorable, nonduplicative claims; and

2.    Defendants CDSS and BRN's motion to dismiss the FAC (ECF No. 10) be granted without leave to amend;

3.    Defendant Curam College be dismissed from the FAC without leave to amend; and

4.    The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served

10

on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  April 8, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

7, selk.25cv2868

11